Certain Underwriters at Lloyd's, London v BASF Corp. (2025 NY Slip Op 06271)

Certain Underwriters at Lloyd's, London v BASF Corp.

2025 NY Slip Op 06271

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 651150/24, 596238/24|Appeal No. 5172|Case No. 2025-02467|

[*1]Certain Underwriters at Lloyd's, London et al., Plaintiffs-Respondents,
v
BASF Corporation etc., Defendant-Appellant, HDI Global Insurance Company et al., Defendants, First State Insurance Company et al., Defendants-Respondents.
AIU Insurance Company et al., Defendants/Third-Party Plaintiffs-Respondents,
v
Berkshire Hathaway Direct Insurance Company, Formerly Known as American Centennial Insurance Company et al., Third-Party Defendants.

Lowenstein Sandler LLP, New York (Lynda A. Bennett of counsel), for appellant.
Mendes & Mount, LLP, New York (Matthew B. Anderson of counsel), for Certain Underwriters at Lloyd's and Certain London Market Insurance Companies, respondents.
Alston & Bird LLP, New York (Alexander S. Lorenzo of counsel), for AIU Insurance Company, Granite State Insurance Company, The Insurance Company of the State of Pennsylvania, Lexington Insurance Company and National Union Fire Insurance of Pittsburgh, Pa, respondents.
White and Williams LLP, New York (Robert F. Walsh of counsel), for ACE American Insurance Company, Insurance Company of North America and Central National Insurance Company of Omaha, respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about February 28, 2025, which denied defendant BASF Corporation's motion to dismiss the complaint pursuant to CPLR 327 and 3211 (a) (4), and which denied BASF's motions to strike the pleadings filed by various insurance company defendants, unanimously affirmed, with costs.
The court properly denied BASF's motion to dismiss the action pursuant to CPLR 3211(a)(4) on the basis of another action pending in a different jurisdiction. Although New York Courts generally follow the first-in-time rule, BASF contends that plaintiffs filed this action nine days before it filed its own action in New Jersey strictly to gain a strategic advantage. However, the record does not establish that plaintiffs filed this action to obtain an inequitable advantage, or for some vexatious purpose, and there is a significant nexus between New York, the parties, and the matters at issue in the action (see L-3 Communications Corp. v SafeNet, Inc., 45 AD3d 1, 5 [1st Dept 2007]). Accordingly, the court correctly ruled that the first-in-time rule applied and providently exercised its discretion in determining that no "special circumstances" exist to warrant deviation from that rule (id.).
The court also properly declined to dismiss the action pursuant to CPLR 327 on the ground of forum non conveniens. The record demonstrates that the court considered the relevant factors and providently exercised its discretion based on the facts and circumstances of this case (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985]; Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60, 69-70 [1st Dept 2024]). It considered the strong nexus between plaintiffs' claims and New York, and that the policies at issue were negotiated in New York by a company, Ciba-Geigy, which was then headquartered in New York. The court also noted that most of the other factors, including the locations of the insurer parties, the location of the underlying aqueous film-forming foam (AFFF) lawsuits, and the capabilities of the New York and New Jersey courts, are roughly equal and may even, in some cases, slightly favor New York. Thus, while BASF correctly notes that plaintiffs and most of the defendant insurers are not located in New York, and most of the AFFF litigation occurred outside of the state, it cannot be said that the litigations and insurers were not more prominently located in New Jersey and New York insurance law would likely govern this action.
Plaintiffs and the insurer defendants are not judicially estopped from having this action proceed based on inconsistent statements made before other courts. Neither, plaintiffs, nor several of the insurance defendants, took any position at odds with their current position that New York is the proper forum. Therefore, the doctrine of judicial estoppel does not apply to them (see New Hampshire Ins. Co. v MF Glob. Fin. USA Inc., 204 AD3d 141, 155 [1st Dept 2022]). Although some of the insurance defendants may have represented in the South Carolina court that New Jersey was the appropriate
forum for handling this dispute, they did not state that, between New Jersey and New York, the latter was an inferior forum.
We have considered BASF's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025